**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 04-2425**

———————————

WEN CAI MU,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

———————————

On Petition for Review of an Order of the Board of Immigration Appeals. (A-77-354-658)

———————————

Submitted: April 27, 2005                    Decided: May 18, 2005

———————————

Before MICHAEL, TRAXLER, and DUNCAN, Circuit Judges.

———————————

Petition denied by unpublished per curiam opinion.

———————————

Thomas V. Massucci, New York, New York, for Petitioner.  Peter D. Keisler, Assistant Attorney General, Michelle E. Gorden, OFFICE OF IMMIGRATION LITIGATION, Washington, D.C.; David W. Harder, UNITED STATES DEPARTMENT OF JUSTICE, Denver, Colorado, for Respondent.

———————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Wen Cai Mu, a native and citizen of the People's Republic of China, petitions for review of an order of the Board of Immigration Appeals (Board) denying his motion to reconsider its denial of his application for asylum, withholding of removal and protection under the Convention Against Torture. Mu contends that his motion to reconsider provided the Board with new legal arguments. See Matter of Cerna, 20 I. & N. Dec. 399, 405 n.2 (BIA 1991) ("A motion to reconsider 'is a request that the Board reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked, while [a] motion to reopen is usually based upon new evidence or a change in factual circumstances.'").

We review the Board's denial of a motion to reconsider for an abuse of discretion. See 8 C.F.R. § 1003.2(a) (2004); Yanez-Popp v. INS, 998 F.2d 231, 234 (4th Cir. 1993). A motion to reconsider asserts that the Board made an error in its earlier decision. The motion must "state the reasons for the motion by specifying the errors of fact or law in the prior Board decision and shall be supported by pertinent authority." 8 C.F.R. § 1003.2(b)(1). Such motions are especially disfavored "in a deportation proceeding, where, as a general matter, every delay works to the advantage of the deportable alien who wishes merely to

remain in the United States." <u>INS v. Doherty</u>, 502 U.S. 314, 323 (1992).

We have reviewed the administrative record and the Board's decision and conclude the Board did not abuse its discretion when it denied Mu's motion to reconsider. Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>